DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Sandusky County Court of Common Pleas that found appellant in violation of the terms and conditions of his probation and imposed a sentence of 11 months incarceration. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant sets forth the following as his sole assignment of error:
 {¶ 3} "The trial court erred and abused its discretion by failing to set forth the law and rationale that supported sentencing the defendant to any sentence other than the minimum sentence provided for under the law."
 {¶ 4} The facts that are relevant to the issues raised by appellant on appeal are as follows. On March 29, 2001, appellant was indicted on one count of grand theft, a violation of R.C.2913.02(A)(1), and one count of receiving stolen property, a violation of R.C. 2913.51. On July 31, 2001, appellant entered a plea of guilty to a charge of theft in violation of R.C. 2913.02, a felony of the fifth degree. A nolle prosequi was entered as to the receiving stolen property count. On that date, the trial court accepted appellant's plea, found him guilty of theft and placed him on community control for five years, under certain terms and conditions. The trial court advised appellant that if he violated the terms of his community control he could be sentenced to prison for up to 12 months. At the time of his sentencing, appellant was under community control for a prior theft offense. Over the course of the next 23 months, notices of violation of community control were filed against appellant five times. Each time, appellant admitted to the violation and was continued on community control with additional terms. At a violation hearing on March 19, 2003, the trial court warned appellant that if he violated community control one more time the prison term would be imposed. On June 23, 2003, appellant appeared in court and admitted to yet another violation. The trial court revoked appellant's community control and sentenced him to 11 months in prison. It is from that judgment that appellant appeals.
 {¶ 5} Appellant now asserts that, when the trial court revoked his community control, it failed to set forth its reasons for imposing a sentence other than the minimum, as required by R.C. 2929.12
 {¶ 6} Pursuant to R.C. 2929.19(B)(5), when a trial court sentences a defendant to community control sanctions, the court is required to advise the defendant that if the conditions are violated, the court may impose a longer term under the same sanction, a more restrictive sanction, or a prison term. Further, the court is required to advise the defendant of the specific prison term that will be imposed for violation of community control sanctions. This prison term must be within the range allowed in R.C. 2929.14.
 {¶ 7} Appellant was sentenced for theft, which is a felony of the fifth degree. Therefore, the range of prison terms pursuant to R.C. 2929.14(A)(5) is 6 to 12 months. The trial court advised appellant at his sentencing hearing that a prison term of up to 12 months could be imposed if he were to violate his community control sanctions. A review of the record shows that the trial court complied with the foregoing statutory requirements.
 {¶ 8} As to imposition of a sentence greater than the minimum provided for by R.C. 2929.14(A)(5), the statute further provides:
 {¶ 9} "(B) * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 10} "(1) * * * the offender previously had served a prison term."
 {¶ 11} In the case before us, the trial court found at the June 23, 2003 sentencing hearing that appellant had previously served a prison term. Accordingly, appellant falls under the exception set forth in R.C. 2929.14(B)(1) for imposition of a sentence greater than the minimum.
 {¶ 12} Appellant relies on the recent decision of the Supreme Court of Ohio in State v. Comer, 2003-Ohio-4165. However, the holding in Comer that, pursuant to R.C. 2929.14(B), a trial court is required to make its statutorily sanctioned findings at the sentencing hearing, applies to the imposition of a nonminimum sentence on a first offender. Appellant herein was not a first offender.
 {¶ 13} Further, it is clear from the record that in imposing appellant's sentence the trial court considered that appellant had four community control violations in this case alone and that at the March 19, 2003 violation hearing appellant had been warned of the consequences of another violation. The trial court also noted that appellant had violations in other cases and had been sent to prison as a result.
 {¶ 14} Based on the foregoing, this court finds that, contrary to appellant's assertion, the record has enabled us to conduct a meaningful review of the trial court's decision to impose an 11-month prison term. Accordingly, we find that the trial court did not err by imposing appellant's sentence and his sole assignment of error is not well-taken.
 {¶ 15} On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Sandusky County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
Judgment affirmed.
Knepper, J., Pietrykowski, J., Lanzinger, J., concur.